**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARCELLUS D. JONES,**

        **Plaintiff,**

**-vs-**                                                           **Case No. 6:15-cv-50-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's administrative decision to deny Plaintiff's applications for disability benefits. For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED.**

## Procedural History

Plaintiff applied for benefits, alleging that he became unable to work on June 18, 2009 (R. 196-204, 219). The agency denied Plaintiff's applications initially and upon reconsideration, and he requested and received a hearing before an administrative law judge ("the ALJ"). On June 27, 2013, the ALJ issued an unfavorable decision, finding Plaintiff to be not disabled (R. 34-44). The Appeals Council denied Plaintiff's request for review (R. 1-7), making the ALJ's decision the final decision of the Commissioner. Plaintiff timely filed his Complaint (Doc. 1), the parties consented to the jurisdiction of the undersigned United States Magistrate Judge, and the matter is fully briefed and ripe for review pursuant to 42 U.S.C. §§405(g) and 1383(c)(3).

## Nature of Claimed Disability

Plaintiff claims to be disabled due to a broken left leg, stroke, cardiac issues, surgical hardware on knee, and seizures[1] (R. 213).

---

[1] The claim of seizures may be in error, as Plaintiff stated he does not have ongoing problems with seizures (R. 240).

*Summary of Evidence Before the ALJ*

Plaintiff was thirty five years old at the time of alleged onset (R. 72), with a tenth grade education and past relevant work as a cleaner and as a cook/fast food worker (R. 214).

In the interest of privacy and brevity, the medical evidence relating to the pertinent time period will not be repeated here, except as necessary to address Plaintiff's objections. In addition to the medical records and opinions of the treating providers, the record includes the testimony of Plaintiff and a Vocational Expert; written forms and reports completed by Plaintiff; and opinions from non-examining state agency consultants.

By way of summary, the ALJ determined that: "The claimant has the following severe impairments: status post cardiac pacemaker, cocaine abuse, status post knee surgery with minimal progression of osteoarthritis, and morbid obesity (20 CFR 404.1520(c) and 416.920(c))," but does not have an impairment or combination of impairments that medically meets or equals the severity of any of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1 (R. 36). The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform:

> sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except to lift/carry 10 pounds occasionally; to sit for 6 hours and stand/walk for 2 hours in an 8-hour workday; no more than occasional stooping, kneeling, crouching, crawling, and climbing but no ladders, ropes, or scaffolds; and, he should avoid the following: foot controls, work at heights, work with dangerous moving machinery, constant pushing and pulling, and concentrated exposure to temperature extremes.

(R. 37).

The ALJ found that Plaintiff was unable to perform any past relevant work, but relied on the testimony of the Vocational Expert ("VE") to determine that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform (R. 43). The ALJ concluded that Plaintiff "has not been under a disability, as defined in the Social Security Act, from June 18, 2009, through the date of this decision" (R. 44).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff contends that the Commissioner's decision was not formulated in accordance with proper standards and was not based upon substantial evidence. Specifically, Plaintiff contends that the ALJ should have given substantial weight to the opinion of his treating physician, Dr. Johnson; that the credibility determination is unsupported by substantial evidence; and that the ALJ "failed to

obtain the testimony of a vocational expert" (Brief at 1).[2] The Court evaluates these objections within the context of the sequential evaluation process.

*The five step assessment*

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f). The plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

*Evaluating Opinion Evidence*

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178–79 (11th Cir. 2011) (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2);

---

[2]This assertion is poorly stated, as VE testimony was, in fact, obtained. It appears that Plaintiff is objecting to the hypothetical offered to the VE by the ALJ.

*Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).) When evaluating a physician's opinion, an ALJ considers numerous factors, including whether the physician examined the claimant, whether the physician treated the claimant, the evidence the physician presents to support his or her opinion, whether the physician's opinion is consistent with the record as a whole, and the physician's specialty. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c). Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436 (11th Cir. 1997)*; Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). By contrast, a consultative examiner's opinion is not entitled to the deference normally given a treating source. *See* 20 C.F.R. § 404.1527(c)(2); *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1161 (11th Cir. 2004) (noting a one-time examiner's opinion is not entitled to great weight). Nonetheless, all opinions, even those of non-treating state agency or other program examiners or consultants, are to be considered and evaluated by the ALJ. *See* 20 C.F.R. §§ 404.1527, 416.927, and *Winschel*.

Plaintiff contends that the RFC is unsupported by substantial evidence in that the ALJ improperly accorded "little weight" to the opinions rendered by Dr. Johnson, and failed to rely upon any medical opinion evidence in determining how Plaintiff's impairments impact his residual functional capacity.

Plaintiff was treated at Wuesthoff Hospital from May 29, 2012 through June 2, 2012, with symptoms of increasing shortness of breath and chest tightness (R. 549-550). He was assessed with severe cardiomyopathy, pericardial effusion, history of cocaine abuse, renal insufficiency, and myocardial infarction (R. 551). Echocardiogram demonstrated severely dilated left ventricle with an ejection fraction between 10-15%. (R. 557). He was recommended to receive a heart catheterization and an ICD placement, on the condition that he test negative for cocaine (R. 551-552). He underwent

the ICD implantation on June 1, 2012, with Dr. Nancy Johnson (R. 553-555, 560). As the ALJ observed:[3]

> On June 21, 2012, the claimant was followed-up post pacemaker placement on June 1, 2012. He had no device related complaints. There was no syncope. The cardiac catheterization revealed normal coronary arteries. The claimant was known to have a large infarct due to cocaine abuse, documented by nuclear stress test. On follow-up visits, he still had no device related complaints. There was no syncope (Exhibits 13F and 17F).
> \*\*\*
> On September 24, 2012, Dr. Nancy J. Johnson, a treating physician, followed-up the claimant for ischemic and non-ischemic dilated cardiomyopathy. The cardiac catheterization dated May 30, 2012, showed no significant coronary artery disease, lung volume ejection fraction (LVEF) of 11 percent with severe lung volume dilatation and global hypokinesis. He had a history of cocaine abuse. The assessments were cardiomyopathy, congestive heart failure, and hypercholesterolemia. The ischemic disease was likely due to cocaine use (Exhibits l2F and 17F/4-7).

(R. 39-40).

On March 17, 2013, Plaintiff was admitted to the hospital from the Emergency Room for complaints of atypical left-sided chest pain (R. 652). The electrocardiogram demonstrated no ischemic changes at the time of the pain. On March 18, 2013, the claimant was discharged with diagnoses of atypical chest pain, non-ischemic cardiomyopathy secondary to cocaine abuse, a history of congestive heart failure, and a positive toxicology screen for cocaine (R. 652-726). He was instructed to follow up with Dr. Johnson.

On April 1, 2013, Dr. Johnson completed a RFC questionnaire at the request of Plaintiff's counsel (R. 694-95). Dr. Johnson identified Plaintiff's diagnosis as ischemic and nonischemic cardiomyopathy with left ventricular ejection fraction (LVEF) of 10-15 percent. She opined Plaintiff's prognosis was poor to fair and checked responses indicating Plaintiff's symptoms would "often" be severe enough to interfere with the attention and concentration to perform simple, work-related tasks

---

[3]Plaintiff's objection that "the ALJ failed to assess the length of the treatment relationship; the frequency of examination by the treating physician; the medical evidence supporting the opinion with the record as a whole; the qualifications of the treating physician; and other factors tending to support or contradict the opinion" is unpersuasive. In her decision, the ALJ thoroughly discussed the medical evidence and referenced each exhibit, summarizing it in detail.

and he would need to recline or lie down during an eight-hour workday in excess of typical breaks and lunch. She opined Plaintiff could walk less than city block without rest or significant pain and circled responses indicating Plaintiff could sit 60 minutes at one time and eight hours total in an eight-hour workday, he could stand/walk five minutes at one time and zero hours in an eight-hour workday, and he required a job which permitted shifting positions. Dr. Johnson opined Plaintiff would need to take unscheduled breaks of five to ten minutes in length every few minutes; could occasionally lift and carry less than ten pounds; was likely to be absent once or twice a month, and he was not physically capable of working an eight-hour day, five days a week employment on a sustained basis (R. 696).

In her decision, the ALJ considered Dr. Johnson's opinions and gave them "little weight" (R. 42), citing to the "lack of significant findings by the treating examination;" the connection between Plaintiff's heart problems and his cocaine abuse; and Plaintiff's history of noncompliance, noting "ongoing reports of cocaine abuse status post heart problems," and failure to manage his diet and exercise, despite doctors' recommendations (R. 41, 42). Good cause for disregarding an opinion can exist when: (1) the opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the opinion is conclusory or is inconsistent with the source's own treatment notes. *Lewis,* 125 F.3d at 1440. Thus, if supported by record evidence, the ALJ's rationale that the opinions were not supported by the examination findings and the other evidence, is sufficient.  The Court finds this to be the case.

Dr. Johnson's September 2012 physical examination of Plaintiff was unremarkable, with normal respiratory and cardiovascular examinations and an acknowledgment by Dr. Johnson that Plaintiff's "CHF is well compensated on physical exam today" (R. 562).  Additionally, as discussed by the ALJ, Plaintiff's last physical examination of record, conducted just five days after Dr. Johnson completed the RFC questionnaire, also revealed largely normal findings (R. 42, 699-703).  This is

consistent with a treatment note dated April 4, 2013, where yet another of Plaintiff's treating physicians noted that his congestive heart failure was "asymptomatic" (R. 685). Further, Plaintiff does not take issue with the fact of his cocaine abuse or his physician's conclusion that his heart disease was secondary to or exacerbated by the abuse.

To the extent Plaintiff contends that a RFC assessment must be based on a medical opinion, he is in error. The ALJ is under no obligation to adopt, in whole cloth, the opinion of any physician in formulating the RFC, as "the task of determining a claimant's ability to work is within the province of the ALJ, not a doctor . . ." *Cooper v. Astrue*, 373 Fed.Appx. 961, 962 (11th Cir. 2010); *see also Green v. Social Sec. Admin.*, 223 Fed.Appx. 915, 923 (11th Cir. 2007) ("Although a claimant may provide a statement containing a physician's opinion of her remaining capabilities, the ALJ will evaluate such a statement in light of the other evidence presented and the ultimate determination of disability is reserved for the ALJ. 20 C.F.R. §§ 404.1513, 404.1527, 404.1545."). Substantial evidence supports the ALJ's conclusion discounting Dr. Johnson's opinion.

*Credibility*

In her decision, the ALJ found Plaintiff's allegations to be "not entirely credible" (R. 40), noting, in part:

> The Administrative Law Judge considered the claimant's subjective complaints in light of Sections 404.1529 and/or 416.929 of the Regulations. As required by those sections, both medical evidence and the claimant's testimony, activities of daily living, and statements and reports were considered. However, after considering all the factors set out in those sections of the regulations, the undersigned finds that the claimant's subjective complaints are not fully credible considering the claimant's own description of his activities and lifestyle, the degree of medical treatment required, discrepancies between the claimant's assertions and information contained in the documentary reports, the claimant's demeanor at hearing, the reports of the treating and examining practitioners, the medical history, the findings made on examination, and the claimant's assertions concerning his ability to work. Therefore, the undersigned does not necessarily accept all allegations of impairments as true.

(R. 41-42).

A claimant may seek to establish that he has a disability through his own testimony regarding pain or other subjective symptoms. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam). "In such a case, the claimant must show: (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Id.* Where an ALJ decides not to credit a claimant's testimony about pain or limitations, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote,* 67 F.3d at 1562.

Here, the ALJ listed numerous reasons for her credibility finding, and these reasons are supported by substantial evidence. She discussed Plaintiff's testimony, including his reports of daily activities, concluding that these activities (takes care of his own personal needs and hygiene, cooks, house cleans, vacuums, does laundry, plays video games, uses a computer, and grocery shops with his girlfriend) "are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations" (R. 41). Although Plaintiff claims the ALJ mischaracterized his testimony, the record does include reports of these activities. *See* R. 266, 63, 64.[4] The ALJ also discussed the medical evidence, noting that treatment has been generally successful in controlling symptoms and "[t]he record fails to show that the claimant has required significant forms of treatment such as additional surgery, nor does the record show such a marked diminished range of motion or muscle atrophy as would accompany the alleged disability" (R. 41). This, too, is supported by the evidence

---

[4]Plaintiff's contention that these activities of daily living are somehow meaningless because they "do not reflect a high level of activity" misses the mark. The RFC is for a range of sedentary activity.

cited. Although Plaintiff asserts that it was error to rely on noncompliance with medications because he could not afford them, the ALJ also noted Plaintiff's ongoing and recent drug abuse and instances of non-compliance with orders to exercise, stop taking cocaine, and watch his diet (R. 41-42), none of which are dependent on financial ability.

To the extent Plaintiff's contentions amount to an argument that other evidence could support a different finding, such is not the standard here. "The question is not . . . whether ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Commissioner of Social Security*, 421 F. App'x 935, 939 (11th Cir. 2011). Here, the ALJ provided a detailed analysis of the evidence of record, supplied a rationale for his findings, and his conclusions are supported by the evidence he cites. "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" 357 F.3d at 1240 n. 8 (internal quotation and citation omitted). As the Court finds the decision meets the legal standard, no error is shown.

*The Vocational Testimony*

Plaintiff's final objection is that the ALJ posited an incomplete hypothetical to the VE in that the hypothetical did not include "the uncontradicted medical opinion of Dr. Johnson." "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). An ALJ, however, is "not required to include findings in the hypothetical that the ALJ [has] properly rejected as unsupported." *Crawford v. Commissioner of Social Sec.,* 363 F.3d 1155, 1161 (11th Cir. 2004). As noted above, the ALJ discounted Dr. Johnson's opinions as being inconsistent with the medical and other evidence, and that determination was adequately formulated

-10-

and supported. As such, the ALJ was not obliged to include any of Dr. Johnson's opinions in her hypothetical. The VE's testimony provided substantial evidence to support the ALJ's conclusion that Plaintiff could perform other work.

## Conclusion

For the reasons set forth above, the administrative decision is **AFFIRMED.** The Clerk is directed to enter judgment accordingly, terminate all pending matters, and close the file.

**DONE** and **ORDERED** in Orlando, Florida on February 23, 2016.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record